UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

SHPETIM BEGOLLI,                                                     Case No. 20-cv-996

        Plaintiff,

vs.

LVNV FUNDING LLC;

RESURGENT CAPITAL SERVICES, LP; and

SEQUIUM ASSET SOLUTIONS, LLC,

        Defendants.

---

## COMPLAINT

---

NOW COMES Plaintiff Shpetim Begolli, by and through his attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendants LVNV Funding LLC; Resurgent Capital Services, LP; and Sequium Asset Solutions, LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1. This lawsuit arises from the illegal collection attempts of Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

**PARTIES**

7. Plaintiff Shpetim Begolli (hereinafter "Plaintiff") is a natural person who resides in the County of Dane, State of Wisconsin.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV") is a foreign business with a principal office of 1703 Laurel Street, Columbia, South Carolina 29223, and a registered agent of Corporation Service Company, 1703 Laurel Street, Columbia, SC 29201.

10. Defendant LVNV is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

11. Defendant LVNV is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

12. Defendant LVNV is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

13. Defendant Resurgent Capital Services (hereinafter "Defendant Resurgent") is a foreign business with a principal office of 55 Beattie Place, Suite 110, MS 300, Greenville, SC 29601, and a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

14. Defendant Resurgent is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

15. Defendant Resurgent is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

16. Defendant Resurgent is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

17. Defendant Sequium Asset Solutions, LLC (hereinafter "Defendant Sequium") is a foreign business with a principal office of 1130 Northchase Pkwy, Suite 150, Marietta, GA 30067, and a registered agent of Registered Agent Solutions, Inc., 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA 30076.

18. Defendant Sequium is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

19. Defendant Sequium is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

20. Defendant Sequium is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

## BACKGROUND

21. On September 12, 2017, Plaintiff filed a Chapter 128 Voluntary Amortization of Debts, Dane County Case No. 2017CV002235 (hereinafter, "the Chapter 128"). This filing occurred under Wis. Stat. § 128.21

22. Plaintiff included a debt to non-party, Credit One, in his Chapter 128.

23. Notice of the Chapter 128 went to the non-party.

24. Notice of Plaintiff's representation in connection with the debt was known to the non-party.

25. Plaintiff completed the Chapter 128 on October 15, 2020.

26. The Honorable Josann M. Reynoldsof the Dane County Circuit Court signed an order indicating the debt to the non-party had been fully paid.

27. At some point in time the non-party sold and/or transferred the debt to Defendants LVNV and/or Resurgent.

28. On October 19, 2020, Defendant Sequium sent Plaintiff a collection letter, for the debt that was fully satisfied in the Chapter 128.

29. Defendant communicated and engaged in debt collection directly with Defendant.

30. Defendant grew distressed and concerned by the collection attempt, incurring actual damages in the form of emotional distress, along with other actual damages.

31. Defendant had actual and/or constructive knowledge of Plaintiff's Chapter 128 filing, representation by Counsel, and satisfactory payment of the obligation.

**COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

33. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

34. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) with respect to Plaintiff.

35. Specifically, under 15 U.S.C. § 1692c(a)(2) a debt collector cannot communicate directly with a consumer when they know the consumer is represented by a lawyer, which Defendant did.

36. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did when they directly contacted Plaintiff about a non-existent debt.

37. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did when they directly contacted Plaintiff about a non-existent debt.

38. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did when they directly contacted Plaintiff about a non-existent debt.

39. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they directly contacted Plaintiff about a non-existent debt.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications, as stated above.

41. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### **COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT**

42. Plaintiff incorporates by reference all the foregoing paragraphs.

43. Wis. Stat. § 427.104(1)(h) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

44. Defendant violated Wis. Stat. § 427.104(1)(h) when Defendant engaged in the above referenced collection attempts.

45. Wis. Stat. § 427.104(1)(i) provides, in pertinent part: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not: (i) Use obscene or threatening language in communicating with the customer…"

46. Defendant violated Wis. Stat. § 427.104(1)(i) when Defendant used harassing and threatening language with Plaintiff, when they engaged in the above referenced collection attempts.

47. Plaintiff suffered actual damages as result of Defendant's violations of Wis. Stat. § 427.104(1)(h) and Wis. Stat. § 427.104(1)(j).

48. Plaintiff is entitled to all of the remedies identified in Wis. Stat. § 427.105 and Wis. Stat. § 425.304.

**TRIAL BY JURY**

Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant as follows:

    A.    Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
    B.    Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
    C.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

6

D. For an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. 427.105 and 425.304; and
E. For such other and further relief as may be just and proper.


Dated this 30th day of October, 2020.

          s/ Nathan E. DeLadurantey
          Nathan E. DeLadurantey, 1063937
          DELADURANTEY LAW OFFICE, LLC
          330 S. Executive Drive, Suite 109
          Brookfield, WI 53005
          (414) 377-0515
          E: nathan@dela-law.com
          *Attorneys for the Plaintiff*